Common Pleas Court of Trumbull County.

ELIZABETH SMALLSREED V. FRANK J. MOON.

Decided August 28, 1933.

*W. B. Kilpatrick,* for plaintiff.
*Warren Thomas,* for defendant.

CARTER, J.

The plaintiff in her petition claims that she is a daughter of Caleb Peck, deceased, and that the estate of Caleb Peck was administered upon in the Probate Court of Trumbull county a number of years ago; that Caleb Peck died testate, and that the will and codicil to the same was duly probated; and that the codicil is as follows:

"Whereas, I, Caleb Peck, on the first day of April, A. D. 1880, made my last will and testament of that date do hereby declare the following to be a codicil of the same.

"Item 7th. It is my will and wish to so change Item 5th. of my last will and testament so that said Item 5th. shall now read as follows: 'It is my will that my daughter, Elizabeth Smallsreed, have the notes which I hold against her and her husband jointly for one hundred dollars and another note which I hold against her and her husband for fifty dollars which shall be absolutely her own. And it is further my will and it is therefore my will that in addition to the notes heretofore given her by virtue of this item that upon the happening of the event of the separation of my daughter from her husband, George Smallsreed, by death or by decree of court in divorce proceedings, commenced and prosecuted in good faith and not for the purpose of avoiding the express intention of the testator herein and in case the separation shall be otherwise than by death of George Smallsreed, that said Elizabeth Smallsreed shall, while she remain and live separate and apart from her husband, George Smallsreed, have the benefit arising from

the sum of two thousand dollars to be paid in equal proportions by my daughter Mary and my son Alanson out of their shares, provided for in this my last will and upon the death of my daughter, Elizabeth Smallsreed, then the sum of two thousand dollars herein provided for her during her natural life shall be paid to her children, and shall become theirs absolutely. And it is my will that until the happening of the event of the separation of Elizabeth and her husband George Smallsreed that the two thousand dollars provided for shall be kept and held by Alanson and Mary and they shall not be held to account to Elizabeth for any interest or use thereof until for a period of six months after the happening of the separation. And after the happening of the separation herein spoken of between Elizabeth and George Smallsreed, Alanson and Mary shall only be required to give bond in a sufficient amount to secure the payment of the aforesaid sum of two thousand dollars to the children of Elizabeth and to secure the payment of interest upon said sum of two thousand dollars to Elizabeth in the manner provided for in this codicil to my last will and testament.' "

And that "my daughter" referred to in the codicil is in fact Mary J. Moon and that Frank J. Moon is the son and only heir of Mary J. Moon, to whom Mary J. Moon willed all of her property; and says that before that part of the estate of Caleb Peck willed to Mary J. Moon became absolute so that she could dispose of same, one thousand dollars would have to be provided to care for the provision made in the codicil of the will of Caleb Peck. And further alleges that Mary J. Moon did not make any provision for carrying out the provision in the codicil, but willed all of her property, both real and personal, to Frank J. Moon, who is now in possession and enjoyment of the same; and further alleges that on the 24th day of October, 1930, George Smallsreed, husband of this plaintiff, died and that the conditions of said codicil became absolute, and that six months has elapsed since the death of George Smallsreed; and claims that she is entitled to the interest on said one thousand dollars and that under the provisions of said codicil, that the defendant be required to give bond in a sufficient amount to secure payment of the one thousand dollars to the children of Elizabeth Smallsreed and to secure the payment of interest upon the one thousand dollars to the plaintiff.

To this petition an answer was filed by the defendant Frank J. Moon, in which the defendant admits that the plaintiff is the daughter of Caleb Peck and that the estate of Caleb Peck was administered as set out in the Probate Court, as alleged in plaintiff's petition, and admits that the will and codicil to said will of Caleb Peck was duly probated in the Probate Court of Trumbull county; and that the codicil contained the provisions alleged in the petition; admits that "my daughter Mary" referred to in the codicil was Mary J. Moon, the mother of this answering defendant, and that he is the son and only heir of Mary J. Moon, and that Mary J. Moon is deceased and that she bequeathed all of her real and personal property to the defendant, Frank J. Moon. And then denies every other allegation.

There is also a defense found in the answer relating to a claimed settlement of this matter in connection with the sale of a farm of 92 acres in Braceville township. However, this defense was not urged in the trial of the case nor has it since been urged. Therefore, I am giving no consideration to this defense.

By way of Second Defense:

The defendant avers that if it should appear that there is anything due Elizabeth Smallsreed plaintiff herein, under the provision of said codicil which expressly denies, then he avers the fact to be that his mother Mary J. Moon died in the year 1901 and that the plaintiff's action has not been commenced against him in the time fixed by law for commencing such actions. However, the court has determined that under the codicil this is no defense.

By way of Third Defense:

The defendant claims that the requirement of the payment of one thousand dollars under the conditions imposed in the will is against public policy and void, due to the fact that as a condition precedent to the enjoyment of the provisions under the codicil, it would be necessary that there be a separation of Elizabeth Smallsreed from her husband, George Smallsreed, either by death or by decree of court in divorce proceedings.

Evidence was submitted by the plaintiff sustaining the material allegations of her petition; and the sole question presented to the court for determination is that part of the

codicil which makes provision for the plaintiff, only in case she is divorced from her husband or he dies. It will be observed that the provision referred to in the codicil reads as follows:

"And it is further my will and is therefore my will that in addition to the notes heretofore given her by virtue of this item that upon the happening of the event of the separation of my daughter from her husband, George Smallsreed, by death or by decree of court in divorce proceedings, commenced and prosecuted in good faith and not for the purpose of avoiding the express intention of the testator herein and in case the separation shall be otherwise than by death of George Smallsreed, that said Elizabeth Smallsreed shall, while she remain and live separate from and apart from her husband, George Smallsreed, have the benefit arising from the sum of two thousand dollars to be paid in equal proportions by my daughter Mary and my son Alanson out of their shares, provided for in this my last will, and upon the death of my daughter, Elizabeth Smallsreed, then the sum of two thousand dollars herein provided for her during her natural life shall be paid to her children and shall be theirs absolutely."

And it is contended that inasmuch as the legacy depends upon the contingency of divorce or death of the husband, that the provision contained in the codicil is void and of no effect.

The case of *Joshua Moores, Excr.* v. *Olive Holmes Gwynne, et al,* 23 Ohio Circuits, page 463. The court lays down the rule thus:

"A condition in a will making the receipt of a legacy dependent on a separation of husband and wife is contrary to public policy and void, and the legatee takes the legacy absolutely."

The court made the following observation:

"By the provision of this clause, Basil W. Viers can only receive the legacy therein given upon the happening of one of two events, that is to say, at the death of his wife or his separation from her. She must either die or he must get a divorce. He is offered a pecuniary inducement to separate from her. A condition in a will designed to effect the separation of husband and wife is contrary to public policy and is absolutely void. The authorities are practically unanimous in so holding.

"We therefore hold that the provision in item four of the will, making the legacy to Basil W. Viers dependent upon his separation from his wife, is void and he takes the legacy absolutely."

This case has given me some trouble in disposition of the case at bar, as it was pronounced by our own circuit court in this district. However, I am not aware of the surrounding circumstances and evidence that may have been produced at the trial in addition to the plain provisions of the will, because it appears upon examination of the various authorities throughout the United States that such a provision is not always void.

The case of *Sarah Luigart, by next friend,* v. *Wm. J. Ripley, et al,* 19 O. S. Reports 24. While this case is not exactly in point, it indicates the leaning of the Supreme Court in that case.

"A testator by his will gave to his wife all his property during her life, provided she so long remained his widow, and directed that in case she married again, or at her death, the property should be equally divided among his children. The widow elected to take the provision made for her in the will."

And the court held that this was a valid provision in our state.

And in Page on Wills, Second Edition, Vol. 2, page 1148.

"A condition in a will by which an inducement is offered to a married person to obtain a divorce, or to live separate and apart from the other spouse, is contrary to public policy, and held to be invalid.

"A condition precedent, dependent on divorce, has been held valid. Where the husband and wife had lived apart and divorce proceedings were pending at the date of the will, a condition that certain property shall vest in the husband at the termination of the life estate, if he should have obtained a divorce from his wife, has been upheld as valid.

"A provision in the event of divorce is not void if not intended to facilitate divorce. Where there was a devise to a married woman, the income to be paid to her while she remains married, and the principal to be paid to her upon the death of her husband, or upon her separation from him, such a condition is not void where it appears from the whole will to be the purpose of the testator to provide an

annual income for the wife as long as her husband is supporting her and to pay the principal when, by reason of the cessation of such support, she may need the entire sum for her maintenance."

40 Cyc, page 1703:

"The law will not sanction any testamentary provision which is intended or directly tends to bring about a separation of husband and wife, and if therefore the testator's purpose is to induce a future separation or divorce of husband and wife, the condition is void as against public policy.

"And if therefore testator's purpose is to induce a future separation or divorce or husband and wife, the condition is void as against public policy and the devise or legacy takes effect absolutely. But a devise or bequest may be so framed as to provide for one in case of a separation or divorce. If a testator makes a provision which is not intended to bring about a separation or divorce between husband and wife, but is intended to take effect in the case of a legal separation or divorce, the provision is valid. A bequest providing for the support of a wife pending a present or contemplated separation from her husband has been held valid. But a bequest of the partial income of an estate, conditioned to be increased to its entire extent in event of the beneficiary's ceasing to be bound to his wife, carries the whole income, the condition being void as tending to encourage divorce."

Further the court said:

"It would be extremely difficult to say why a husband should not be at liberty to leave a homestead to his wife, without being compelled to let her share it with a successor to his bed, and to use it as a nest to hatch a brood of strangers to his blood."

And on page 1704:

"A bequest to a testator's daughters to take effect 'in the event of any of my said daughters becoming a widow, or otherwise becoming lawfully separated from her husband,' is not void as against public policy by encouraging the legatees to become separated from their husbands."

In case of *Daboll* v. *Moon, et al*, 91 Atlantic Reporter, page 646:

"The condition of a legacy to testator's son, to be paid to him on the death of his present wife, or if he should obtain a divorce from her, or should become separated from

her, or if within a year after divorce or separation he should become married to a good respectable woman, was not contrary to public policy as a restraint of marriage."

And the court said:

"The present case is not one where the condition is in restraint of marriage, although somewhat akin to it."

And on page 648:

"To condition a gift upon the doing of what the state treats its legislation as promotive of the public interest and its own prosperity, or what it requires to be done in the interest of the public health cannot be against public policy. To make the condition void as against public policy, it must appear from the language of the will alone or in connection with intrinsic facts that the testator in the particular case in question conditioned his gift upon an illegal divorce or separation.

"Numerous cases are to be found which support the view that where a gift is upon condition that the donee shall obtain a divorce or live separate from husband or wife, the condition is valid, when it appears from the will in connection with the surrounding circumstances that a legal divorce or separation was intended or where a separation already existed or a suit for divorce was pending at the time that the will was made."

In the case of *In re Nichols' Estate, McDonald* v. *Imus,* 172 Pacific, 1146:

"When testator's wishes are ascertained, and found to be legal, it is the duty of the court to carry them out regardless of reasonableness of the conditions imposed.

"Under a will bequeathing to legatee a named sum, provided she is legally divorced from her husband and still bears his name, where legatee had not been divorced at death of testator, the legacy lapsed, and a subsequent divorce was unavailing.

"A will bequeathing to a legatee a named sum, provided she is legally divorced from her husband and still bears his name, imposes a "condition precedent" which is not in restraint of marriage or an inducement to obtain a divorce, since to have such effect a condition must be a condition subsequent."

And on page 1147:

"The condition here imposed is plainly a condition precedent. It merely provides that if the legatee at the time

the will goes into effect has a certain defined status that is to say, if she is then legally divorced from her husband and has not remarried, she may take the legacy willed to her, otherwise not. Such a condition is not an inducement, to obtain a divorce, nor is it in restraint of marriage."

In L. R. A. book 5, page 577 case of *Caroline Born* v. *Herman Horstmann, Trustee, et al*:

"A bequest to testator's daughters which provides that in case either of them shall become a widow or otherwise become lawfully separated from her husband, she shall receive her share of the property absolutely, instead of the income, which is given to her while she remains a wife, is not void as against public policy on the ground of encouraging the daughters to live separate or be divorced from their husbands."

And the court in this case cited authorities holding to the contrary and used the following language:

"In all of these cases the conditions quoted were very properly held to have been void. The reason is apparent. They held out a direct inducement for the legatees to live separate and apart from their husbands. The result may have been to bring about the separation and violation of their marital duties and obligations without any just cause, and in an unlawful manner. This is not so in the case at bar. The condition under consideration could not be complied with except by a legal separation and for causes found by a court of justice to be sufficient."

In the case of *Hawke* v. *Euyart et al*, 46 N. W. Reporter, 422, the court held in that case the following provision void:

"But a subsequent provision that such trust property and funds shall not be transferred until the executors shall have satisfactory proof that the devisee has permanently freed himself from all influences, connections, associations, cohabitations and relations, of every name, character and description, of and with Mrs. G. and her relatives, friends and intimates, held to be a condition against public policy and void, and that upon the condition exempt from the second, the devisee will be entitled to the transfer and conveyance of the land and trust funds of the legacy."

Mrs. G. referred to being the living wife of the one who sought the legacy.

In the 101 Southern, 618, the 9th paragraph of the syllabus is as follows:

"A condition precedent to devise that devisee leave wife void as against public policy, and devise void."

And in that case the provision was that if he would leave the wife he was living with, then this devise should become effective.

In Johnson's Chancery Reports, Vol. 3, in the case of *Cooper and wife, v. Clason et al.,* page 521:

"Where a testator by his will devised as follows; 'I do give, etc. to my daughter E. C. during her separation from W. C., her present husband, one thousand dollars a year, which sum is hereby charged upon my real estate.' Held that a voluntary separation of E. C. from her husband would not entitle her to the annuity, for she can establish no claim on her own violation of conjugal duty.

"Whether the separation must not have existed at the testator's death, to give effect to the annuity, need not be considered, though probably that ground would be decisive. But the wife must show, at least, an involuntary separation on her part to entitle her to the annuity."

In the 2nd Atlantic Reporter, page 161 case of *Thayer and wife* v. *Spear, Exr.*:

"A will devising the entire income of an estate to a married woman, so long as she remained the wife of her then husband; but if from any cause she should cease to be such wife, then to her in fee;—is not void as against public policy."

So that it seems that the great majority of the courts throughout the United States have held that, if the provision made in a will is not for the purpose of inducing a separation, but for the purpose of taking care of the legatee, in case of the contingency then such provision is not void as against public policy.

I am of the opinion that it was not the intention of the testator to in any way induce a separation, but for the protection of his daughter in case there was a legal separation either by divorce, or by death.

In this case the husband died.

The court has come to the conclusion that this is not a provision void as being against public policy.

Finding in favor of the plaintiff.